UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE CISNEROS,<br><br>            Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>            Defendant. | Case No. CV 15-2423-PJW<br><br>ORDER TO SHOW CAUSE AS TO WHY<br>ACTION SHOULD NOT BE DISMISSED<br>WITH PREJUDICE FOR FAILURE TO<br>PROSECUTE |

    On April 2, 2015, Plaintiff, who was represented by counsel, filed a complaint, challenging a final decision of the Social Security Administration to deny benefits to her deceased husband.  On September 2, 2015, Defendant served Plaintiff with a copy of the certified administrative record and, thereafter, filed an answer.

    On October 28, 2015, Plaintiff's counsel moved to withdraw on the ground that counsel would not be able to continue to represent Plaintiff in good faith without subjecting herself to possible sanctions under Federal Rules of Civil Procedure Rule 11.  On December 2, 2015, the Court held a telephonic hearing, at which counsel, but

not Plaintiff, appeared.[1]  Following the hearing, the Court granted counsel's motion to withdraw and ordered Plaintiff to file a brief explaining how the Administrative Law Judge erred in denying benefits no later than January 8, 2016.[2]  Plaintiff was advised that failure to do so would result in dismissal of her case.  Plaintiff has not filed a brief and has not requested an extension of time.

IT IS THEREFORE ORDERED that, no later than **March 25, 2016,** Petitioner shall inform the Court in writing why this case should not be dismissed with prejudice for failure to prosecute.  Failure to timely file a response will result in this case being dismissed.

IT IS SO ORDERED

DATED: February 24, 2016

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\CISNEROS, R 2423\OSC_not dismiss.wpd

---

[1] Plaintiff was informed of the hearing and its purpose, but was in Mexico on the day it was held.

[2] The order setting forth the briefing schedule was mailed to Plaintiff's address of record.  Counsel was ordered to serve Plaintiff with a copy of the order granting her motion to withdraw.