UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA CISNEROS,<br><br>              Plaintiff,<br><br>       v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>              Defendant. | Case No. CV 15-2423-PJW<br><br>ORDER DISMISSING ACTION FOR<br>FAILURE TO PROSECUTE |

I.

INTRODUCTION

On April 2, 2015, Plaintiff, who was represented by counsel, filed a Complaint, challenging a final decision of the Social Security Administration denying benefits to her deceased husband. On September 2, 2015, Defendant served Plaintiff with a copy of the certified administrative record and, thereafter, filed an Answer.

On October 28, 2015, Plaintiff's counsel moved to withdraw on the ground that she could not continue to represent Plaintiff in good faith without subjecting herself to possible sanctions under Federal Rules of Civil Procedure Rule 11. On December 2, 2015, the Court held

a hearing on counsel's motion, at which counsel appeared though Plaintiff did not.[1]  Thereafter, the Court issued an order, granting counsel's motion to withdraw.  By separate order, the Court ordered Plaintiff to file a brief no later than January 8, 2016, explaining how the Administrative Law Judge ("ALJ") erred in denying benefits.  Plaintiff was advised that failure to do so would result in dismissal of her case.  Plaintiff has not filed anything in response.

On February 25, 2016, the Court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute.  On March 15, 2016, the Court's order was returned unopened, with a notation, "undeliverable as addressed," and could not be forwarded.

## II.

## DISCUSSION

This Court has authority to dismiss an action for failure to prosecute in order to ensure "the orderly and expeditious disposition of cases."  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 631 (1962) (noting that Rule 41(b) of the Federal Rules of Civil Procedure expressly recognizes this power).  In determining whether dismissal for lack of prosecution is proper, the Court weighs several factors, including: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to Defendant, (4) the availability of less drastic sanctions, and (5) the public policy favoring the disposition of cases on their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

---

[1]  Plaintiff was informed of the hearing and its purpose but did not attend.

(recognizing court's inherent power to control its docket by dismissal, where appropriate); *see also Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (noting factors to be weighed before dismissing an action for lack of prosecution included public's interest in expeditious resolution of litigation and court's need to manage its docket).

Dismissal of this case is warranted under Rule 41(b). Plaintiff's failure to pursue this action, despite the Court's orders, necessarily implicates both the first and second factors, i.e., the public's interest in expeditious resolution of litigation and the Court's need to manage its docket efficiently. *Pagtalunan*, 291 F.3d at 642. Indeed, Plaintiff's noncompliance with the Court's orders has caused this case to simply linger on the docket, thereby impermissibly "allowing Plaintiff[] to control the pace of the docket rather than the Court." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). As to the third factor, there is no obvious prejudice to Defendant at this time.

With respect to the fourth factor, i.e., the availability of less drastic alternatives, the Court could offer Plaintiff another opportunity to respond to its orders but there is nothing in this record to suggest that she would abide by a third order, having ignored the first two. Further, it appears that Plaintiff is no longer at the address she provided to the Court so it would not be possible to serve her with the third order.

Only the fifth factor to be considered, i.e., the preference for resolving cases on the merits, favors the continuation of this case. The Court would prefer to resolve the case on the merits, but, if Plaintiff will not cooperate, this cannot be done. Thus, dismissal

1  pursuant to Rule 41(b) is warranted.  *See Ferdik*, 963 F.2d at 1263
2  (finding dismissal appropriate where supported by three factors).
3      Case dismissed without prejudice for failure to prosecute.[2]
4      IT IS SO ORDERED.
5      DATED: April 4, 2016.

                                    /s/ Patrick J. Walsh
                              PATRICK J. WALSH
                              UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\CISNEROS, R 2423\Ord_dismiss.wpd

---

[2] The Court reviewed the administrative record on its own and did not find any reason to upend the ALJ's decision.